IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER ABERNATHY, ) | |
| ) | |
| Plaintiff, ) | 16 CV 2128 |
| ) | |
| vs. ) | Judge Robert M. Dow, Jr. |
| ) | |
| VILLAGE OF PARK FOREST, *et al.,* ) | |
| ) | |
| Defendants. ) | |

## VILLAGE DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Defendants Village of Park Forest, Carl Kuester, and Donald Myers ("Village Defendants"), by their attorneys, the Sotos Law Firm, P.C., move this Honorable Court for entry of the attached proposed Protective Order. In support, Village Defendants state as follows:

1. Village Defendants anticipate that documents containing confidential personal identifying information relating to parties and non-parties, including juveniles and present and retired law enforcement officers, may be sought and produced in this matter.

2. Village Defendants' proposed Confidentiality Order, attached hereto as Exhibit A, follows the Model Confidentiality Order of the Northern District of Illinois, with the inclusion of certain red line changes as permitted by Local Rule 26.2. ("Model Order"). Village Defendants' proposed version includes additional language addressing the disclosure of confidential information to relevant insurance providers (¶ 5(b)(3)); personal identifying information of present and retired law enforcement officers (¶ 11); and juvenile information (¶ 12).

3. Plaintiff objects to Village Defendants' proposed paragraphs 11 and 12 of the model order.

4. There is good cause to enter Village Defendants' proposed protective order because it is designed to protect, inter alia, against the dissemination of unfiled discovery to parties outside this litigation, including records containing information regarding juveniles, and personal identifying information of present and retired law enforcement officers.

5. "As a general proposition, pretrial discovery must take place in the public unless compelling reasons exist for denying the public access to the proceedings." *American Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979). However, not all materials produced in discovery but unfiled in court proceedings may be freely available or disseminated to the public. To the contrary, courts have consistently provided confidential protection for the kind of unfiled, sensitive documents at issue here. In *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984), the Supreme Court held that the public's right of access is limited to traditionally publically available sources of information, and "restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." *Id*. at 33. The Court recognized that FED. R. CIV. P. 26(c) allows for protection from annoyance and embarrassment, and while 26(c) does not contain a specific reference to privacy, privacy is "implicit in the broad purpose and language of the Rule." *Id*. at 35, n.21.

6. The Seventh Circuit has similarly distinguished between filed an unfiled discovery for purposes of confidential protection. For instance, in *Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 545 (7th 2002), the court stated that "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record." And in *Bond v. Utreras*, the court re-emphasized that "[t]here are good reasons to treat the public's right to access filed and unfiled discovery materials differently." 585 F.3d 1061, 1074 (7th Cir. 2009). "Generally speaking, the

public has no constitutional, statutory (rule-based), or common-law right of access to unfiled discovery." *Id*. at 1073.

7. Village Defendants seek the redaction of social security numbers, home addresses, home and cellular telephone numbers, personal email addresses, the names of any police officers' family members and insurance beneficiaries, and officers' financial account numbers. (*See* proposed Paragraph 11.) Village Defendants ask that personal identifying information of police officers and their family members be redacted for their personal protection and safety and that of their families. They do not seek to exempt any relevant document from disclosure to Plaintiff.

8. Law enforcement officers have a unique and legitimate expectation of privacy concerning their personal information. *See McGee v. City of Chicago*, 04C6352, 2005 WL 3215558, at * 2 (N.D. Ill. June 23, 2005) (Nolan, M.J.) (good caused existed to prohibit disclosure of police officer personnel files, personal and family information, and personal financial information of police officers); *Sasu v. Yashimura*, 147 F.R.D. 173, 176 (N.D. Ill. Apr. 3, 1993) (access to police officer's personnel file contingent upon redaction of information about the officer and his family); *L.M. by Taylor v. City of Chicago*, No. 13 C 0483, 2013 WL 5477586, at *2 (N.D. Ill. Oct. 2, 2013) (defendant police officers allowed to redact personal identifying information from records prior to disclosure). "Moreover, the public has little interest in learning the personal and family information of the Defendant Officers because it does not concern the officers' performance of their public duties. Most importantly, disclosure of personal and family information of police officers could threaten the safety of the police officers and their families." *McGee*, 2004 WL 3215558, at * 2. Here, the legitimate safety concerns of

the Defendant Officers outweigh the Plaintiff's interest in this personal information. *See Hobley v. Burge*, 225 F.R.D. 221, 224 (N.D. Ill. Nov. 18, 2004) (Brown, M.J.) (courts must balance the interests of the parties when determining good cause for entry of protective order).

9. Village Defendants also request that documents produced during the course of discovery that reference or involve a juvenile should not be publically disseminated. (*See* proposed Paragraph 12.) The Illinois Juvenile Court Act specifically states: "juvenile court records shall not be made available to the general public" (705 ILCS 405/1-8(c)(0.2); and the identity of a person under 18 years of age "shall remain confidential and shall not be publicly disclosed, except as otherwise allowed by law" (705 ILCS 405/5-905(7)).

10. Case law also supports the position that the identity of juveniles is protected. *Landon v. Oswego Unit School District #308,* 2000 WL 33172933, at *1 (N.D. Ill. Feb 13, 2000) (records relating to juveniles are presumed confidential); *A.K. v. G.V. and E.V.*, 2004 WL 1093474, at *4 (N.D. Ill. April 20, 2004) (the Juvenile Court Act is intended to protect the confidentiality of the juvenile's identity and avoid invasion of a juvenile's privacy); *In re W.L*, 293 Ill. App. 3d 818, 820 (2nd Dist. 1997) (law enforcement and court records relating to juveniles are presumed confidential). The victim in this case was a juvenile at the time of her brutal sexual assault and murder. Many of the witnesses and potential suspects were juveniles as well. Numerous police reports and other potentially discoverable documents contain personal identifying information related to these juveniles. Village Defendants are not asking that juvenile information be designated confidential, but that documents containing juvenile information be disclosed for the purpose of this litigation only and not disclosed publically, affording the protection required by statute.

11. Plaintiff would not be prejudiced by entry of Village Defendants' proposed Confidentiality Order. Moreover, the entry of this order will likely minimize discovery disputes, as the parties will more readily disclose documents knowing that they will be used only for the purposes of this litigation. The interest in reducing discovery disputes outweighs any possible claimed interest Plaintiff could have in disseminating unfiled discovery to the public. *See Bond v. Utreras*, 585 F.3d 1061, 1077 (7th Cir. 2009). Should any of this information be subsequently determined relevant and otherwise admissible, it will become part of the trial record and the trial will be public.

12. Village Defendants' proposed Confidentiality Order serves to protect juvenile information as well as the privacy interests of the individual Defendant Officers and their families without interfering with Plaintiff's right to discovery.

WHEREFORE, the parties respectfully request this Court enter Village Defendants' Proposed Confidentiality Order, attached hereto as Exhibit A, and for such further relief the Court deems just and proper.

Dated: August 9, 2016                    RESPECTFULLY SUBMITTED,

                                         /s/ Amy P. Engerman
                                         AMY P. ENGERMAN, Attorney No. 06277932
                                         *One of the Attorneys for Village Defendants*

James G. Sotos
Elizabeth A. Ekl
Caroline P. Golden
Amy P. Engerman
THE SOTOS LAW FIRM, P.C.
550 East Devon, Suite 150
Itasca, Illinois 60143
630-735-3300
630-773-0980 (fax)
aengerman@jsotoslaw.com

# CERTIFICATE OF SERVICE

   I hereby certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that on August 9, 2016, I electronically filed the foregoing **Village Defendants' Motion for Protective Order** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed below:

Torreya Lyn Hamilton
Kevin Thomas Turkcan
The Hamilton Law Office, LLC
53 West Jackson Boulveard
Suite 452
Chicago, IL 60604
(312) 726-3173
tlh@thehamiltonlawoffice.com
ktt@thehamiltonlawoffice.com

Damon Matthew Cheronis
Stephen F. Hall
Law Offices of Damon M. Cheronis
53 W. Jackson, #1750
Chicago, IL 60604
(312) 663-4644
Fax: 312 277 1920
damoncheronis@yahoo.com
stephen@cheronislaw.com

              /s/ Amy P. Engerman
              Amy P. Engerman, Attorney No. 06277932
              *One of the Attorneys for Defendants*