IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ABERNATHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 16 CV 2128 |
| | ) | |
| The VILLAGE OF PARK FOREST, et al., | ) | Judge DOW |
| | ) | |
| Defendants. | ) | Magistrate Judge GILBERT |

**PLAINTIFF'S RESPONSE TO VILLAGE DEFENDANTS'
MOTION FOR PROTECTIVE ORDER**

Plaintiff Christopher Abernathy respectfully requests that this Court deny Defendants' motion for entry of a confidentiality order to the extent it (1) seeks an attorneys-eyes-only order for records relating to individuals who are no longer juveniles; and (2) allows Defendants to redact (*i.e.*, not produce) relevant and discoverable information about Defendant Officers and witness officers.

**LEGAL STANDARD**

Openness in discovery has long been the standard throughout the federal court system. *See Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999) (internal citations omitted). However, a party may seek a protective order to exempt documents from this presumption of openness, and "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). To establish good cause, a party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 453 U.S. 89, 102 n. 16 (1981). The movant must demonstrate that disclosure of the discovery materials "will result in a 'clearly defined and very serious injury.'" *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 341 (N.D. Ill. 1998) (internal citation omitted). The burden to show good cause is on the party seeking entry of the protective order. *Id.* at 228.

**ARGUMENT**

Defendants ask this Court to modify the Northern District's model protective order in two ways. First, in proposed paragraph 12, they seek what is effectively an attorneys-eyes-only order with respect to records containing information about people who were juveniles in the 1980s, but who have been adults for decades. Plaintiff submits that Defendants' proposed attorneys-eyes-only order is inconsistent with the Illinois Juvenile Court Act and will be an unnecessary burden in this case. Second, Defendants argue that they should be allowed to withhold information such as Defendant Officers' and witness officers' addresses and telephone numbers. Plaintiff maintains that the model protective order already designates this kind of information as confidential. Thus, Defendants' proposed paragraph 11, which allows them to not produce this relevant and discoverable information at all, is inappropriate.

**I. Defendants' request for an attorneys-eyes-only order with respect to records about people who were juveniles over 30 years ago is inconsistent with Illinois law and unnecessarily burdensome.**

This case arises out of the rape and murder of 15-year-old Kristina Hickey in Park Forest, Illinois, on or about October 3, 1984. A number of the witnesses that police interviewed while investigating the murder were teenagers in the mid-1980s. Abernathy himself was 18 years old at the time of his arrest and turned 19 during his interrogation by Defendants. Thus, many of the police reports in this case contain the names and contact information of people who were juveniles at the time of the incident, but who are now adults. Defendants argue that documents containing information about people who were juveniles in the 1980s should be "disclosed for the purpose of this litigation only and not disclosed publically." *Village Defendants' Motion for Protective Order*, at 4. Plaintiff submits that the Illinois Juvenile Courts Act does not provide confidentiality for the records of people who are no longer juveniles, and that an attorneys-eyes-only order with respect to the

2

information of people who are now in their 40s and 50s will be an unnecessary burden on the litigation of this case.

The Illinois Juvenile Court Act, 705 ILCS 405/1-1 *et seq.*, governs confidentiality of juvenile records in Illinois. The Act presumes confidentiality for law enforcement and court records relating to minors. *In re J.R.*, 717 N.E.2d 568, 572 (Ill. App. Ct. 1999). The Act defines a minor as "a person under the age of 21 years subject to this Act," 705 ILCS 405/1-3(10), and conversely, an adult as "a person 21 years of age or older." 705 ILCS 405/1-3(2).

Illinois courts have held that the Juvenile Court Act does not apply to people who are no longer minors. The Supreme Court of Illinois recently concluded that a person who is over 21 is "no longer subject to the Act's provisions." *People v. Fiveash*, 39 N.E.3d 924, 928 (Ill. 2015). In *Fiveash*, the State charged a 23-year-old man with a criminal sexual assault he allegedly committed when he was a teenager. *Id.* at 926-27. The State, the defendant, and the court all agreed that "the juvenile court ha[d] no authority over defendant because he was 23 years old when the instant proceedings were instituted and was, therefore, no longer subject to the Act's provisions." *Id.* at 928. Similarly, in *In re Luis R.*, 992 N.E.2d 591 (Ill. App. Ct. 2013), the Second District concluded that the Juvenile Court Act did not provide jurisdiction over a 21-year-old charged with a sexual assault he allegedly committed when he was 14. *In re Luis R.*, 992 N.E.2d at 595-98.

While these decisions do not directly address the Act's records confidentiality provision, they indicate that the Juvenile Court Act does not apply to people who are 21 years of age or older – in other words, people who are not "minors" within the definition of the Act. By extension, it is reasonable to conclude that the Act's confidentiality provision does not apply to people who are no longer minors. This conclusion is consistent with both the Illinois Supreme Court's recent interpretation in *Fiveash* and the underlying policy of the Juvenile Court Act. *In re K.D.*, 666 N.E. 2d 29 (Ill. App. Ct. 1996) (the general purpose of the Juvenile Court Act is to protect the interests of

3

*minors*). In this case, everyone who was a minor at the time of the murder, Abernathy's arrest, and his conviction is now well over 21 years old and has been for decades. The Juvenile Court Act does not apply to them, and it is not a valid basis for subjecting police reports to an attorneys-eyes-only order.

Furthermore, the attorneys-eyes-only order that Defendants seek is unnecessarily burdensome and, at this point, largely moot. If the Court agrees with Defendants that records containing information about people who were juveniles in the 1980s should not be disclosed publically, then any time the parties wish to file such records as exhibits, they will have to redact the exhibits before filing and prepare unredacted courtesy copies for the opposing party and the Court. This process would be inconsistent with Rule 1's provision that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. Furthermore, the Cook County State's Attorney's Office has already produced over 5,000 pages of documents that include the names of people who were juveniles in the 1980s. Police reports containing the names of people who were juveniles at the time of the investigation are not redacted or marked confidential, and would be publically available through FOIA. Thus, there is no reason subject to this information to an attorneys-eyes-only order when most if it has already been disseminated by the State's Attorney's Office anyway. This Court should deny Defendants' request for an attorneys-eyes-only order with respect to information about individuals who are no longer minors as inconsistent with the Illinois Juvenile Court Act and an unnecessary burden on this litigation.

## II. Defendants are not entitled to withhold identifying information of Defendant Officers and witness officers.

Defendants argue that they should be allowed to redact "social security numbers, home addresses, home and cellular telephone numbers, personal email addresses, the names of any police officers' family members and insurance beneficiaries, and officers' financial account numbers." *Village Defendants' Motion for Protective Order*, at 3. Plaintiff agrees that this information should be

4

designated confidential for both parties, and submits that paragraph 2(e) of the model protective order already provides confidentiality for this kind of personal identifying information. However, Defendants' proposed paragraph 11 allows them to redact – in other words, not produce – this relevant and discoverable information. For example, the phone numbers that Defendant Officers and witness officers used to communicate about this case during their year-long investigation and the following criminal prosecution of Abernathy are relevant and discoverable, and will be necessary to obtain telephone records via subpoena. Furthermore, given the 30-year history of this case, it is entirely possible that Defendant Officers and witness officers may have communicated about this case using their cell phones or personal email accounts, and thus, that information is discoverable as well. This Court should not approve a modification to the model protective order that allows one party, but not the other, to simply not produce what is likely discoverable information. Thus, Defendants' motion should be denied with respect to paragraph 11.

**WHEREFORE**, Plaintiff respectfully requests that this Court deny Defendants' motion for protective order with respect to proposed paragraphs 11 and 12.

Respectfully Submitted,

/s Kevin T. Turkcan
One of Plaintiff's Attorneys

Kevin T. Turkcan
HAMILTON LAW OFFICE, LLC
53 West Jackson Boulevard, Suite 452
Chicago, Illinois 60604
312.726.3173