# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER ABERNATHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 16 CV 2128 |
| ) | |
| The VILLAGE OF PARK FOREST, et al., ) | Judge DOW |
| ) | |
| Defendants. ) | Magistrate Judge GILBERT |

## JOINT RULE 26(f)(1) INITIAL STATUS REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), a planning meeting was held via telephone on September 14, 2016. The conference was productive in establishing a discovery schedule and outlining various issues and positions. Plaintiff and Defendants, by and through counsel of record, jointly present their Rule 26(f)(1) initial status report to the Court as follows:

A. **Attorneys of Record.**

*Plaintiff's Attorneys:*

| | |
|---|---|
| Torreya L. Hamilton (lead) | Damon M. Cheronis (lead) |
| Kevin T. Turkcan | Stephen F. Hall |
| Colleen M. Shannon | Ryan J. Levitt |
| The HAMILTON LAW OFFICE, LLC | The Law Office of Damon M. Cheronis |
| 53 West Jackson Boulevard, Suite 452 | 140 South Dearborn Street, Suite 411 |
| Chicago, Illinois 60604 | Chicago, Illinois 60603 |
| 312.726.3173 | 312.663.4644 |

*Attorneys for Village Defendants:*
James G. Sotos (lead)
Elizabeth A. Ekl (lead)
Amy P. Engerman
Caroline P. Golden
The Sotos Law Firm, PC
550 East Devon Avenue, Suite 150
Itasca, Illinois 60143
630.735.3300

*Attorneys for Cook County Defendants:*
Lisa M. Meador (lead)
Justin W. Hanson
Scott A. Golden

Cook County State's Attorney's Office, Civil Actions Bureau
50 West Washington Street, #500
Chicago, Illinois 60602
312.603.3000

B. **Basis for Federal Jurisdiction.** Plaintiff has brought civil rights claims under 42 U.S.C. § 1983 and an Illinois state law claim. This Court has jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

C. **Nature of the Claims.** Plaintiff alleges he was wrongfully convicted and spent 29 years in prison for a brutal rape and murder that he did not commit. Plaintiff alleges that his conviction was vacated in 2015 after DNA testing exonerated him. Plaintiff has alleged that the Village Defendants coerced and manipulated witness testimony. Plaintiff also alleges that the Village and County defendants coerced a false confession from Plaintiff that led to his wrongful conviction and sentence of life imprisonment when he was just 19 years old.

D. **Service/Responsive Pleadings.** All parties have been served and have appeared. The Village Defendants have filed their answer to Plaintiff's complaint. The Cook County Defendants have filed a motion to dismiss in lieu of answering Plaintiff's complaint, which is pending before this Court.

E. **Legal and Factual Issues.** Plaintiff alleges that Defendant Officers falsely arrested him, and that Defendant Officers and Defendant Perry violated his right to due process by fabricating evidence against him, violated his Fifth Amendment rights by coercing a false confession from him, maliciously prosecuted him for the murder of Kristina Hickey, and failed to intervene to prevent each other's misconduct.

Village Defendants deny any wrongdoing and maintain Plaintiff was properly convicted of the sexual assault and murder of Kristina Hickey following a thorough and professional investigation by Defendant Officers, which included obtaining a free and voluntary confession from Plaintiff. Defendant Officers had probable cause to arrest Plaintiff based on his lawful confession, physical evidence recovered from Plaintiff, and witness statements obtained in the course of the investigation. Plaintiff's conviction was upheld by the Illinois Appellate Court. Further, Defendant Officers will rely on legal defenses, including statute of limitations, qualified immunity, and state law immunities.

Defendant Perry denies any wrongdoing and maintains that Defendant Perry is immune from liability based upon absolute immunity, qualified immunity and state law immunities.

Defendant Cook County asserts it should be dismissed as a substantive party in this litigation, as Cook County is not the employer of the State's Attorney or Assistant State's Attorneys, including Defendant Perry.

F. **Pending Motions.** There are three fully briefed motions pending before this Court:

   1. *Motion for Entry of a Protective Order.* The Village Defendants have filed a motion for a protective order and both sides have proposed versions of the model order that are different in a few respects.

2. *Motion to Quash.* Plaintiff has filed a motion to quash or narrow subpoenas issued by the Village Defendants in this case to Plaintiff's former attorneys, the Medill School of Journalism, and Plaintiff's investigator.

3. *Motions to Dismiss.* The Village, Defendant Perry and Defendant Cook County have filed motions to dismiss under Rule 12(b)(6). The Village's motion is a partial motion to dismiss; Defendants Perry and Cook County have filed a motion to dismiss all claims against them.

4. *Motion for an Agreed Order Releasing Records.* This motion has not yet been filed, but once a protective order is in place, the Village attorneys and Plaintiff's counsel have discussed filing an agreed motion for the release of certain records.

G. **Jury Demand.** The parties have demanded trial by jury.

H. **Discovery Plan.** The parties jointly propose to the Court the following discovery plan:

1. *Scope of Discovery.* Discovery will be needed on the following subjects: Liability and damages for each of Plaintiff's claims.

2. *Initial 26(a)(1) Disclosures.* Plaintiff, the Village Defendants, and Defendant Perry have exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

3. *Discovery Deadlines.* Plaintiff requests 12 months to complete fact discovery. Defendants request 14 months to complete fact discovery. The parties jointly request 6 months to complete expert discovery.

4. *Status of Written Discovery.* The Village and Plaintiff served written discovery requests in June and July of 2016, respectively. Defendant Perry and Defendant Cook County have not yet issued written discovery. On August 16, 2016, Village Defendants provided Plaintiff with their responses to Plaintiff's First Set of Request for Production. Village Defendants have withheld the production of some documents pending the entry of a protective order. On September 21, 2016, Village Defendants provided Plaintiff with their answers to Plaintiff's First Set of Interrogatories. Plaintiff maintains that since the parties did not conduct their 26(f) conference until September 14, 2016, under Federal Rule of Civil Procedure 26(d), written discovery responses are not yet due from the Plaintiff until October 14, 2016. Village Defendants disagree with this position. Plaintiff anticipates being able to provide responses to the Village's requests to produce by October 14, 2016. With respect to the Village's interrogatories, however, Plaintiff will need additional time. The evidence in this case spans over 30 years' time. Plaintiff's counsel is still investigating Plaintiff's claims and damages and cannot provide complete answers to Defendants' interrogatories without further investigation. Plaintiff's counsel proposes to provide interrogatory responses by November 15, 2016. Village Defendants object to Plaintiff's request for a five-month delay before responding to Village Defendants' discovery requests. It is Defendants' position that Plaintiff had a duty to reasonably investigate his claims before filing the instant lawsuit and has failed to justify his inability to provide initial responses consistent with that investigation.

3

Defendant Perry and Defendant Cook County have provided responses to the written discovery requests propounded on them. Defendant Perry anticipates issuing written discovery requests within 14 days.

5. *Depositions.* The parties agree that the number of depositions will exceed the number allowed by the Federal Rule of Civil Procedure 30(a)(2)(A)(i), but cannot estimate that number with any accuracy at this time.

I. **Trial.** Given the complexity of this case and the large number of witnesses and evidence that have accumulated over the past 30 years, it is difficult at this time to ascertain when this case will be ready for trial. However, as an estimate, the parties believe that this case should be ready for trial by July of 2019. At this time, the trial is expected to take approximately two to three weeks.

J. **Consent.** The parties do not unanimously agree to proceed before the Magistrate.

K. **Settlement.** The parties briefly discussed the possibility of settlement during the Rule 26(f)(1) conference. Plaintiff's counsel is still investigating Plaintiff's damages, but once he is able to obtain the necessary documents, Plaintiff's counsel agrees to provide a written settlement demand to defense counsel. Village Defendants, Defendant Cook County, and Defendant Perry will respond to any written demand.

L. **Settlement Conference.** The parties are amenable to participating in a settlement conference with this Court or Magistrate Judge Gilbert.

Respectfully submitted,

/s Torreya L. Hamilton
One of Plaintiff's Attorneys
The HAMILTON LAW OFFICE, LLC
53 West Jackson Boulevard, Suite 452
Chicago, Illinois 60604
312.726.3173

/s Elizabeth A. Ekl
Attorney for Village Defendants
The Sotos Law Firm, PC
550 East Devon Avenue, Suite 150
Itasca, Illinois 60143
630.735.3300

/s Scott A. Golden
Attorney for Cook County Defendants
Cook County State's Attorney's Office, Civil Actions Bureau
50 West Washington Street, #500
Chicago, Illinois 60602
312.603.3000