IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ABERNATHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16-cv-2128 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| The VILLAGE OF PARK FOREST, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**ORDER**

Before the Court is Plaintiff's motion to appoint a special representative for the estate of James Jordan [159]. For the reasons set forth below, Plaintiff's motion [159] is denied.

**STATEMENT**

Plaintiff filed this lawsuit on February 11, 2016, alleging that Defendants coerced a false confession from him in violation of his civil rights under 42 U.S.C. § 1983. [See 1.] Plaintiff alleges that he was wrongfully convicted of the October 3, 1984 murder of Kristina Hickey as a result of this false confession. *Id*. at ¶4. After spending 29 years in prison, DNA evidence exonerated Plaintiff. *Id*. at ¶¶ 5-6. His conviction was vacated, all charges against him were dismissed, and he was released from prison. *Id*.

On February 21, 2017, Plaintiff filed his first amended complaint, adding Detective James Jordan as a defendant and alleging that Jordan participated in the coercive interrogation of Plaintiff and/or a witness named Allan Dennis, who falsely inculpated Plaintiff in the October 3, 1984 murder of Kristina Hickey. [See 159, at ¶2.] After filing his first amended complaint, Plaintiff learned that Jordan passed away on November 11, 1994. *Id*. at ¶3. Plaintiff's investigation further indicated that Jordan died intestate. *Id*. at ¶6-7. Plaintiff then sought to appoint a special representative for the decedent's estate pursuant to 735 ILCS 5/2-1008(b)(2). *Id*. at ¶6-7.

Defendant Cook County objected to the appointment of a special representative pursuant to 735 ILCS 5/2-1008(b)(2), because that section of the Illinois Code of Civil Procedure does not apply when a defendant dies before a lawsuit is filed. [See 168, at 6-9.] Implicitly recognizing that 735 ILCS 5/2-1008(b)(2) does not grant the Court authority to appoint a special representative in this case, Plaintiff shifts course in its reply brief, now asking the Court to appoint a special representative pursuant to 735 ILCS 5/13-209(c). [179, at 2.] Although arguments first raised in reply briefs can be waived, in the exercise of its discretion the Court will consider Plaintiff's alternative theory. However, that theory fares no better than the original, for 735 ILCS 5/13-209(c) does not grant the Court authority to appoint a special representative in this matter.

Section 13-209(c) applies where, as here, a plaintiff files a lawsuit against a deceased defendant before the statute of limitations expires, not knowing that the defendant passed away. *Stewart v. Evanston Ins. Co.*, 2015 WL 6407210, at *18 (N.D. Ill. Oct. 21, 2015). In such situations, Section 13-209(c) allows the lawsuit to "be commenced against the deceased person's personal representative" if certain conditions are met. 735 Ill. Comp. Stat. Ann. 5/13-209(c). For example, the plaintiff must proceed "with reasonable diligence to move the court for leave to file an amended complaint, substituting the personal representative as defendant" and proceed with reasonable diligence "to serve process upon the personal representative." 735 Ill. Comp. Stat. Ann. 5/13-209 (c)(1)-(2).

Plaintiff relies on *Keller v. Walker*, 319 Ill. App. 3d 67 (3d Dist. 2001), to argue that the "Court can appoint a special representative so that Plaintiff can comply with the requirements of Section 13-209(c)." [179, at 4.] But the Supreme Court of Illinois has criticized the *Keller* decision based on the court's failure to consider the use of the term "personal representative" in Section 13-209(c) as opposed to the term "special representative." *Relf v. Shatayeva*, 998 N.E.2d 18, 30 (Ill. 2013). According to the Supreme Court of Illinois, to which this Court must defer in the interpretation of Illinois state law, the term "personal representative" as used in Section 13-209(c) refers to "individuals appointed to settle and distribute a decedent's estate pursuant to a petition for issuance of letters of office." *Id*. at 28. The term "special representative," on the other hand, refers to "individuals appointed by the court in situations where no petition for letters of office for the decedent's estate has been filed." *Id*. (citing 735 ILCS 5/2–1008(b)(1), (b)(2)). Because Section 13-209(c) refers to a "personal representative" and not a "special representative," Section 13-209(c) does not give the courts the authority to appoint a special representative. *Stewart v. Evanston Ins. Co.*, 2015 WL 6407210, at *18 (N.D. Ill. Oct. 21, 2015).

Plaintiff also relies on *Taylor v. Kachiroubas*, in which the court issued a minute order granting the plaintiff's motion to appoint a special administrator. [Case No. 12-cv-8321, Dkt. 51.] In that case, however, the minute order did not include any explanation of the legal basis for its appointment of a special administrator. *Id*. This Court is therefore unable to assess the court's reasoning in that case. Furthermore, in *Stewart v. Evanston Insurance Company*, another court in this district held that Section 13-209(c) did not confer authority to appoint a special representative. *Stewart*, 2015 WL 6407210, at *18. In light of the Illinois Supreme Court's analysis of the term "personal representative" as used in Section 13-209(c), *Relf*, 998 N.E.2d at 28, this Court agrees that Section 13-209(c) does not give the Court authority to appoint a special representative.

This does not mean Plaintiff is without recourse. Section 13–209(c) allows for Plaintiff to proceed with reasonable diligence to name and serve Jordan's personal representative. *See* 735 ILCS 5/13-209(c)(2). If there is no estate yet open for Jordan, Plaintiff may seek to open an estate in state court. *Stewart*, 2015 WL 6407210, at *18 (discussing options for opening an estate in state court to allow the plaintiff to serve the deceased defendant's personal representative).

Dated: October 30, 2017

_____
Robert M. Dow, Jr.
United States District Judge