IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Christopher Abernathy, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 16 C 2128 |
| v. | ) |
| | ) Magistrate Judge Jeffrey T. Gilbert |
| Village of Park Forest, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff's Motion to Compel Compliance with Rule 26(a)(1) [287] is granted in part and denied in part. See Statement below for further detail.

## STATEMENT

Plaintiff has filed a Motion to Compel Compliance with Rule 26(a)(1) [287] of the Federal Rules of Civil Procedure. Plaintiff argues the Village Defendants do not describe sufficiently the subject matter about which each disclosed witness has knowledge as required by Rule 26(a)(1) which makes it difficult for him to decide which witnesses he needs to depose. Plaintiff also complains that the Village Defendants have included in their Rule 26(a)(1) disclosures some witnesses who are deceased, which shows (or so Plaintiff contends) these Defendants did not conduct a reasonable investigation into each witness's knowledge before including him or her in their Rule 26(a)(1) disclosures. Finally, Plaintiff complains that the Village Defendants have disclosed duplicative witnesses on issues that are not in dispute.

Rule 26(a)(1) requires a party to provide to other parties the contact information, if known, "of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed.R.Civ.P. 26(a)(1). The Village Defendants identify 115 people in their Rule 26(a)(1) disclosures. Rather than state the subject matter of the discoverable information each individual witness may have that may support a defense, the Village Defendants group witnesses in categories and make a blanket and general disclosure about the subject matter of the discoverable information all the witnesses in that category may possess. Defendants then list 5, 15, 20, or 30 (actually 29 but the Court is rounding up in this instance for alliterative effect) witnesses in a particular category.

The Village Defendants have amended their disclosures twice in response to Plaintiff's complaints about the quality of those disclosures. They have added updated contact information and more specific descriptions for certain categories of witnesses, and they removed over 30 witnesses from their initial witness list. Plaintiff argues that the Village Defendants' disclosures still are not

1

adequate and the grouping of many witnesses as having knowledge of a broad, general category of information prevents him from deciding how to proceed with oral discovery in an efficient and cost-effective manner. That appears to be a bit of an exaggeration as the parties, including Plaintiff, currently are scheduling and taking dozens of depositions. There certainly are a number of key witnesses in this case, recognized as such by all parties, and the parties can and should proceed with scheduling those witnesses for deposition. Moreover, the process of taking some depositions should help to clarify which additional witnesses need to be deposed.

That said, though, the Court understands and agrees in part with Plaintiff's concerns in a case in which his opposing party has identified 115 people as potential witnesses, a wrongful conviction case in which the key events took place more than 30 years ago. In many cases, a general description of the subject matter of the discoverable information a witness or a limited number of witnesses may possess and that the disclosing party may use to support a claim or defense may be sufficient for purposes of Rule 26(a)(1). After all, the Rule is not intended to be a substitute for more particularized discovery; it is just a first step toward identifying people from whom discoverable information profitably might be obtained. But a list of 15, 20, or 30 witnesses as having knowledge of the same broad and general category of information without any sense of what information a particular witness may have, or how or whether that witness or the information he or she may have might be used to support a defense, significantly decreases the usefulness of Rule 26(a)(1) disclosures as envisioned by the drafters of that Rule.

The Village Defendants disclose 7 categories of discoverable information by broad and general subject matter and then list the individuals who may have knowledge about that subject matter. As noted above, there are between 5 and 29 people listed in each category. Eighty-three people are listed in 4 of those categories, as follows:

> 1. The facts and circumstances surrounding the murder of Kristina Hickey in Park Forest in or about October 1984, including without limitation, the investigations thereof, statements/admissions of Plaintiff, interviews with investigators;
>
> 2. The investigation of the murder of Kristina Hickey in Park Forest in or about 1984 and 1985, including, without limitation, the pursuit and/or clearance of leads and potential suspects;
>
> 3. The following current and/or former police officers and investigators may have knowledge or information concerning the murder of Kristina Hickey in Park Forest in or about October 1984, including, without limitation, the investigations thereof, statements/admissions and arrest of Plaintiff; and
>
> 4. The following civilians, current and/or former police officers, forensic scientists, paramedics and investigators may have knowledge or information concerning the review, collection, processing, transport, analysis, potential contamination and testing of evidence in the murder investigation of Kristina Hickey and subsequent testing during Mr. Abernathy's criminal proceedings.

*See* Village Defendants' Second Amended Rule 26(a)(1) Disclosures [287-2].

2

These are very broad topics. If the Village Defendants have any more specific or detailed information they can provide regarding any of the individuals identified in these categories and their knowledge of discoverable information that the Village Defendants may use in this case, then they should provide it. The Court understands that in some instances an individual may be listed because his or her name appears in a file or on a report created more than 30 years ago, but the Village Defendants do not have any other information about the person, and they may not even be sure what information the person may have. If that is the case, then they should tell Plaintiff that is the reason the person is identified in a particular category. Plaintiff then can decide whether he wants to depose or interview that person. On the other hand, some of the people listed may be people the Village Defendants already know have information they may use to support their defense in some way. In those instances, the Village Defendants should provide Plaintiff with a somewhat more particularized disclosure about the subject(s) of that information. Plaintiff may want to make a special effort to depose or interview all or some of those people.

For example, if the Village Defendants know a person listed in a particular category has information they may use about "statements/admissions of Plaintiff" or "the pursuit and/or clearance of leads and potential suspects," then they should say so now rather than list 20 or almost 30 people in a basket of people who may or may not have that information. If the Village Defendants can break down a long list of people into sub-categories to make it easier for Plaintiff to understand, at least at this stage of discovery, which people, for example, are on the Village Defendants' list because it is possible they may have discoverable information the Village Defendants may use in this case versus people who are on the list because it is likely they have such information or it is certain they have particular information, then they should do so. And, of course, all parties need to be cognizant of their responsibilities under Rule 26(e) to supplement in a timely manner earlier disclosures when the Rule requires them to do so.

There is some implication in the Village Defendants' Response to Plaintiff's Motion [299] that Plaintiff already has all the information about the witnesses identified in the Village Defendants' Rule 26(a)(1) disclosures that the Village Defendants possess "considering all the paper on these witnesses" in a case with a long history, and that Plaintiff's Rule 26 disclosures contain the same kind of general disclosures for groups of witnesses as the Village Defendants' disclosures. Response [299] at 2. But Plaintiff should not have to guess which witnesses and what information the Village Defendants may use to support their defense even if Plaintiff knows who the disclosed potential witnesses are and what they previously have said. That is particularly true in this case in which the Village Defendants have signaled their belief that Plaintiff was rightfully convicted of murder 33 years ago. *See* Joint Rule 26(f)(1) Initial Status Report [59] ("Village Defendants deny any wrongdoing and maintain Plaintiff was properly convicted of the sexual assault and murder of Kristina Hickey following a thorough and professional investigation by Defendant Officers, which included obtaining a free and voluntary confession from Plaintiff."). And if the Village Defendants think that Plaintiff's disclosures are deficient, they can raise that issue with Plaintiff and, if necessary, with the Court.

In the Court's view, the exercise it is ordering and encouraging here is consistent with the letter and spirit of Rule 26(a)(1) in this case in which a party has listed 115 potential witnesses in its Rule 26(a)(1) disclosures covering a period of more than 33 years since Plaintiff was arrested, convicted, imprisoned, and then ultimately released and granted a certificate of innocence. If the

3

Village Defendants can help streamline discovery by providing Plaintiff with some additional information that can better illuminate their lengthy and general Rule 26(a)(1) disclosures, then they should do so. As the Advisory Committee Notes to the 1993 Amendments to Rule 26 recognize, "[t]he enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order . . . that the parties disclose additional information without a discovery request." *See also* Rule 1 ("These rules . . . should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Plaintiff also complains there are four witnesses on the Village Defendants' list who are deceased. Plaintiff's point is not that he may be forced to depose someone who is dead but that this is indicative of the kitchen sink nature of the Village Defendants' Rule 26(a)(1) disclosures. There does appear to be a bit of a kitchen sink aspect to the Village Defendants' disclosures. The Village Defendants respond that they have not been able to confirm whether these witnesses are, in fact, deceased, and they request that Plaintiff provide relevant information in this respect if he has it. The Court assumes nobody is going to want to depose a witness who is no longer living and the parties can and will sort this out themselves.

As to the Village Defendants' asserted disclosure of duplicative witnesses on issues that are not in dispute, the Court also declines to do anything at this time. This is an issue that likely will work itself out as the parties continue to take depositions and narrow the issues that will be in dispute at trial and those as to which the parties perhaps can enter stipulations. Further, there is nothing in Rule 26(a)(1) that bars a party from disclosing more than one witness with knowledge of a particular subject matter. Again, the process the Court is requiring and encouraging in this Order may help to sort out which of these people the Village Defendants may actually use in this case to support their defense.

For all of these reasons, Plaintiff's Motion to Compel Compliance with Rule 26(a)(1) [287] is granted in part and denied in part.

It is so ordered.

Magistrate Judge Jeffrey T. Gilbert

Dated: October 29, 2018

4