IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Christopher Abernathy,  )
)
        Plaintiff,  )
)  Case No. 16 C 2128
   v.  )
)  Magistrate Judge Jeffrey T. Gilbert
Village of Park Forest, et al.,  )
)
        Defendants.  )

## ORDER

Plaintiff's Motion to Compel Written Discovery Responses [290] is denied. See Statement for further detail.

## STATEMENT

Plaintiff has filed a Motion to Compel Written Discovery Responses [290]. Plaintiff raises three issues in this motion: (1) the Village Defendants have not sufficiently responded to interrogatories about witnesses in this case; (2) the Defendant Officers have not answered interrogatories or produced any documents about their personal finances; and (3) the Village Defendants have refused to produce photographs from 1985 for the police officer witnesses in this case. The Court will address each argument in turn.

(1) <u>The Village Defendants' Interrogatory Responses about Witnesses</u>: Plaintiff complains that the Village Defendants' response to Interrogatory No. 2 and the Defendant Officers' responses to Interrogatory No. 6 are not sufficient. In these interrogatories, Plaintiff asks the Village Defendants "to identify by name and address all persons who may have knowledge of the facts that relate to any of the claims or defenses in this action" and the Defendant Officers "to identify by name and address all non-police persons who, to the best of your understanding, may have knowledge of the facts that related to any of the claims or defenses in this action." Also, when they identified documents in response to Plaintiff's interrogatories, Plaintiff complains that the Village Defendants improperly identified all documents produced in discovery.

The Village Defendants and Defendant Officers objected to Plaintiff's interrogatories as overly broad and unduly burdensome but nevertheless responded and directed Plaintiff to Defendants' Initial Rule 26 disclosures, which identified 145 witnesses. The Village Defendants then amended their response to Interrogatory No. 2 and directed Plaintiff to Defendants' Second Amended Rule 26(a)(1) Disclosures which identifies 115 witnesses. The Village Defendants say they cannot limit their answer anymore because they currently identify 115 witnesses in their Rule 26(a)(1) disclosures who they know or at least legitimately believe may have some knowledge of the facts of the case.

1

The Court agrees with the Village Defendants. Plaintiff served broad interrogatories and received broad answers in response. The Court disagrees that Defendants did not respond appropriately to Plaintiff's interrogatories because they directed Plaintiff to Defendants' amended Rule 26(a)(1) disclosures. Further, in another Order issued today the Court is requiring the Village Defendants to supplement certain of their Rule 26(a)(1) disclosures with some updated and more particularized information if they have it. That exercise might provide Plaintiff with more of the information he is seeking in his interrogatories. But even if it does not, the Court will deny Plaintiff's motion to compel further answers to his interrogatories at this still relatively early stage of discovery in this case.

With respect to identifying documents, the Village Defendants "reserve[d] the right to rely upon any and all Bates-stamped documents produced in discovery." There also is nothing wrong with that at this stage of the case. In fact, Plaintiff apparently said something similar in response to Defendants' request that Plaintiff identify the documents he has relied upon in support of his claims in this case. The Court declines to require Defendants to do anything more at this time to identify specific documents they may rely upon, again at this relatively early stage of discovery in this case.

(2) The Village Defendants' Interrogatory Responses about Finances: When Plaintiff filed this motion, the Defendant Officers had not responded to his Interrogatories No. 20 and 21 and Request to Produce No. 22 about the Defendant Officers' assets and liabilities. Defendant Officers say in response that on August 14, 2018, during a Local Rule 37.2 conference call, counsel discussed this issue (which Defendants say Plaintiff was raising for the first time since receiving the Defendant Officers' original responses to discovery in September 2016). Defendants then say Plaintiff did not thereafter move to compel complete responses to his discovery requests relating to punitive damages in his November 2017 Motion to Compel, which was later withdrawn, or even raise the issue in his July 13, 2018 letter about discovery issues.

Before Plaintiff filed this motion, the Defendant Officers informed Plaintiff they would answer the punitive damages discovery, but that they would need until October 2, 2018, to provide complete and accurate responses. Plaintiff complained in his motion that was too much time to produce the information and that he needed it sooner to prepare for depositions. According to the last status report on scheduled depositions filed by the parties, Defendant Kuester was scheduled to be deposed on October 11, 2018 [294]. This motion was fully briefed with the filing of Plaintiff's sur-reply brief on September 28, 2018 [327].

The Court assumes this issue has been resolved with the Defendant Officers providing their responses to Plaintiff's discovery on or before October 2, 2018. If any dispute remains with regard to the information produced, and the parties have met and conferred about it, then Plaintiff can raise the dispute again with the Court in the ordinary course and based on the continuing development of the record concerning production of the information Plaintiff has requested. If Plaintiff still believes he should be entitled to re-convene Defendant Kuester's deposition because he did not have the information he needed to prepare for or take that deposition, then he also can raise that issue with the Court on a more fully developed record. *See* Plaintiff's Sur-Reply [327] at 2 ("The Court should grant Abernathy's motion to compel and order that he may take a second deposition of Defendant Kuester on the issue of punitive damages and his ability to pay them, if

2

necessary.") The Court is not going to enter a provisional order, however, allowing Plaintiff to reconvene Defendant Kuester's deposition without more complete information.

(3) <u>Production of Photographs of Police Officers</u>: In his Fifth Request for Production, Plaintiff requests the Village Defendants to produce color photographs of Park Forest police officers involved in this case as they appeared on or about November 1985, including the Defendant Officers. Plaintiff says he wants these photographs of the police officers so that he can use them to refresh the memories of witnesses.

As a threshold matter, the Village of Park Forest states that it does not have any photographs of these police officers as they appeared in 1985. Also, while the Defendant Officers Kuester and Myers may have some pictures of themselves from 1985, neither the Village nor the Defendant Officers have any photographs of the other Park Forest police officers involved in this case from more than 30 years ago. The Village Defendants also object to producing any photographs of the police officers as they looked in 1985 because (1) Plaintiff has failed to provide any reliable identification procedure to assure the integrity of any identification he might undertake using the photographs, and (2) the unrestrictive use of the photographs could pose a security risk to the Defendant Officers, the non-defendant officers, and their respective families.

The Court denies Plaintiff's motion to compel production of the photographs without prejudice. As an initial matter, the Village Defendants represent that they do not have photographs of the police officers as they looked in 1985. The Village Defendants cannot produce what they do not have. The Court also shares a concern about how Plaintiff intends to use any photographs that do exist (for example, photos of the Defendant Officers they may have of themselves from 30 years ago), and Plaintiff has not proposed any reliable identification procedure or protocol to assure the integrity of any potential identification.

In *Davis v. City of Chicago*, 219 F.R.D. 593, 600 (N.D. Ill. 2004), the district court was presented with the question of whether the City of Chicago should have to turn over photographs of police officers who were accused of wrongdoing, and the court ordered an identification procedure be implemented to safeguard against any potential misidentification. *Davis*, 219 F.R.D. 593 at 600. Specifically, the court ordered "production of the photographs on the condition that the examination of the photographic array be conducted under the supervision of an independent, neutral person trained in the proper methods of eyewitness identification." *Id.* Plaintiff here has not proposed any identification procedure to safeguard against any potential misidentification. Similarly, Magistrate Judge Finnegan recently refused to allow the plaintiffs in *Saunders v. City of Chicago, et al.*, 1:12-cv-09158, and related cases [ECF No. 468] (N.D. Ill. March 3, 2017), whose confessions allegedly were coerced by Chicago police officers, to review photos of police officers as they appeared at the time of the alleged misconduct in the absence of a fair and reliable identification process.

On the record in this case as it stands now, the Court concludes that Plaintiff has not shown that requiring Defendants to produce any photographs that may exist of individual police officers involved in this case as they appeared more than 30 years ago (and it seems the only photos that may exist are photos of the Defendant Officers they may have of themselves) is proportional to the needs of this case. Accordingly, Plaintiff's motion in this regard is denied without prejudice.

For the reasons discussed above, Plaintiff's Motion to Compel Written Discovery Responses [290] is denied but the denial is without prejudice as to the request for the photographs.

It is so ordered.

_____
Magistrate Judge Jeffrey T. Gilbert

Dated: October 29, 2018